UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

TAMMY WELLS            :
                       :
      Plaintiff    :
                       :
v.                     :  Case No. DKC 11-2748
                       :
GENERAL DYNAMICS INFORMATION  :
   TECHNOLOGY, INC.    :
                       :
      Defendant    :

## MEMORANDUM OPINION AND ORDER

Pending before the court is Herbert L. Robinson's Motion to Quash Subpoena (ECF No. 1). Mr. Robinson is the husband of Tammy Wells who has filed a civil action in the United States District Court for the Northern District of Georgia alleging employment discrimination, retaliation, and several state law claims against her former employer, General Dynamics Information Technology, Inc. (GDIT) and four of its employees. Civil Action File No. 1:10-cv-1428-JOF-JFK. (N.D. Ga). GDIT has filed a Response to Herbert L. Robinson's Motion to Quash Subpoena (ECF No. 2).

This matter has been referred to the undersigned for the resolution of all discovery matters and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland.

Mr. Robinson is a resident of Germantown, Maryland and was served with a document subpoena issued by this court on September 13, 2011 to produce documents at GDIT's counsel's office in Atlanta, Georgia on September 30, 2011. The requested documents relate to the following three areas:

    1. Conversations or communications you had with anyone at General Dynamics Information Technology, Inc., regarding Tammy Wells.

1

> 2. Tammy Wells' allegations that present or former employees of General Dynamics Information Technology, Inc. discriminated against, or harassed Tammy Wells, or retaliated against her for complaining about racial discrimination or harassment.
>
> 3. Tammy Wells' allegations that present or former employees of General Dynamics Information Technology, Inc. stole Ms. Wells' identity or provided Ms. Wells' personal information to any other individuals in order for other persons to steal her identity.

In response to the document subpoena Mr. Robinson filed a Motion to Quash Subpoena. The motion stated the following:

> I object to the subpoena in the above referenced matter because my wife was employed by General Dynamics not me. Therefore, any documents that could be produced are in the possession of Tammy Wells, Plaintiff in the above-styled matter. All of the information requested in Exhibit A can be obtained through Ms. Wells.

The court has held three telephone conferences with Mr. Robinson and counsel for GDIT. The conference calls were held on September 29, 2011, October 7, 2011 and October 13, 2011. During the first conference call, Mr. Robinson was advised that he could retain counsel to represent his interest in this matter. He elected to proceed in a *pro se* capacity. The discovery process was explained to Mr. Robinson and the court informed him that the objections raised in his Motion to Quash Subpoena were not meritorious. During the call Mr. Robinson raised the issues of 1) the confidential marital communications privilege and 2) the burden on him of searching all of his documents to comply with the subpoena.

The court advised Mr. Robinson that the confidential marital communications privilege would not be applicable to the first set of requested documents because that request called for the production of documents between Mr. Robinson and individuals at GDIT. For the second and third requests Mr. Robinson would need to review his documents, determine what was responsive, and if he wanted to assert a confidential marital communications privilege, he would need to compile a privilege log and

2

provide it to the court and counsel for GDIT. The court also advised Mr. Robinson that if a document contained both responsive and non-responsive information to the subpoena, Mr. Robinson could redact the non-responsive portion of the document before providing it to counsel for GDIT. At the conclusion of the first conference call Mr. Robinson stated that he would review the documents in his possession, determine how much time complying with the subpoena would take, and consider whether he should invoke the confidential marital communications privilege. A second conference call was scheduled for October 7, 2011.

During the second conference call Mr. Robinson reported on his progress in reviewing his records and requested a few additional days to complete his review. He did not assert an undue burden objection to the subpoena. The confidential marital communications privilege was discussed as well as waiver of the privilege. The issue of whether a confidential marital communications privilege would be waived if an individual used an employer's computer that contained a flash screen warning stating that a user would have no expectation of privacy in any communication sent or received by the employer's computer was discussed. A follow-up conference call was scheduled for October 13, 2011. Defendant's counsel were invited to brief the privilege and waiver issues if they desired.

Following the October 7, 2011 conference call the court provided Mr. Robinson and counsel for GDIT two cases discussing the confidential marital communications privilege and waiver of the privilege. *Sprenger v. Rector and Board of Visitors of Virginia Tech,* No. 7:07cv502 2008 WL 2465236 (W.D.Va. June 17, 2008); *Knepp v. United Stone Veneer, LLC,* No. 4:06-CV-1018 2007 WL 2597936 (M.D.Pa. Sept. 5, 2007).

On October 11, 2011 Mr. Robinson provided the court and counsel for GDIT with an email outlining the results of his search for responsive documents. Mr. Robinson reported that he had found

3

23 emails/email strings that were responsive to the three categories listed in the subpoena. Following the scheduled conference call on October 13, 2011, he pledged to provide those responsive documents to the court and counsel for GDIT. In addition, Mr. Robinson reported that he had found 8 emails between his wife and himself for which he was asserting a confidential marital communications privilege. A privilege log was attached containing for each email, the date of the email, author, recipient, subject and privilege asserted.

A third telephone conference was held on October 13, 2011. During the call Mr. Robinson agreed to email the 23 emails/email strings to the court and counsel for GDIT. This was accomplished on October 14, 2011. The court is in receipt of the 23 emails/email strings and has reviewed them. Mr. Robinson also agreed to provide the 8 emails for which a claim a privilege is asserted to the court for an *in camera* review. The 8 emails were mailed to the court and received on October 18, 2011. Counsel for GDIT requested the court check the 8 emails to determine whether there were either sent or received from a third-party computer and also asked for a certification from Mr. Robinson that the produced documents were all the documents responsive to the subpoena that were in his possession.

On October 14, 2011 GDIT filed a Supplemental Response to Mr. Robinson's Motion to Quash.[1] GDIT contends that Tammy Wells has waived the confidential marital communications privilege on behalf of herself and her husband by voluntarily disclosing communications between her husband and herself on how to handle workplace issues, by putting her health into issue in her federal lawsuit in Atlanta, Georgia, and by implicitly compromising a communication with her husband to bolster her retaliation claim.

The court has reviewed *in camera* the 8 emails that Mr. Robinson has claimed as privileged.

---

[1]GDIT's counsel should e-file this Supplemental Response with the court so that the record may be complete.

After reviewing the "subject" descriptions as they appear on the privilege log and then reading the emails, it is apparent that the "subject" descriptions do not accurately describe the contents of the emails. The below side by side comparison of Mr. Robinson's description and the court's description of the subject matter illustrates this point.

| Date of Email | Mr. Robinson's "Subject" | Court's "Subject" |
|---|---|---|
| 11/10/2011[2] | Seeking my opinion on event | Discussion of Christmas air travel plans of Tammy Wells |
| 12/04/2008 | Seeking feedback on proposed action | Proposed fix for a computer problem |
| 05/12/2009 | Personal medical concerns | Personal medical concerns - elevated blood pressure |
| 08/04/2009 | Reaction to daily event and how to proceed | Discussion of what air line flight to book for Mr. Robinson |
| 09/15/2011[3] | Seeking advice on proposed action | Discussion of Boston Red Sox baseball potential |
| 01/07/2009 | Seeking opinion on course of action | Where to purchase Deer Park water in Georgia |
| 08/25/2009 | Seeking advice on proposed action | Broken TV remote. Possible solutions. Impact on spine. |
| 08/27/2009 | Seeking my opinion on event | Ideas on how to economize the family budget |

With the exception of the 05/12/2009 and the 08/25/2009 emails, the other 6 emails are not responsive to GDIT's subpoena. The court need not reach the confidential marital communications privilege for these 6 emails, as the emails need not be produced to GDIT because they are non-responsive to GDIT's subpoena.

The two emails responsive to GDIT's subpoena are dated 05/12/2009 and 08/25/2009. The

---

[2] The 11/10/2011 date is incorrect. The correct date is 11/10/08.

[3] The 09/15/2011 date is incorrect. The correct date is 09/15/2009.

05/29/2009 email is 14 words in length and describes a medical condition caused by Ms. Wells' work. The email is clearly responsive to the subpoena. It is also covered by the confidential marital communications privilege as it is a communication between husband and wife using their personal email accounts. The 08/25/2009 email is 81 words in length and references Ms. Wells spine injury as it relates to a broken TV remote. This email is clearly responsive to the subpoena. It is also covered by the confidential marital communications privilege as it is a communication between husband and wife using their personal email accounts.

The court believes that the confidential marital communications privilege has been waived for these two emails when Ms. Wells put her health into issue in her federal lawsuit in Georgia. Paragraphs 40 and 41 of Ms. Wells' Substituted Complaint (ECF No. 45, Case No. 1:10-cv-01428-JOF-JFK N.D.Ga.) describes an injury to her cervical spine and Paragraph 44 of the Substituted Complaint alleges that Ms. Wells has suffered emotional pain and suffering as a result of GDIT's discrimination. Much as the attorney-client privilege is waived by a client when he or she brings a malpractice action against his or her lawyer, or a doctor-patient privilege is waived when a plaintiff seeks to recover for medical injuries arising out of a tort or other legal wrong, Ms. Wells cannot both assert a claim for medical injuries and at the same time withhold relevant information as to her medical claim from the defendant on the grounds of privilege. Therefore the court will direct Mr. Robinson to provide GDIT's counsel with copies of the 05/12/2009 email and the 08/25/2009 email. Delivery of these two emails may be accomplished by email to GDIT's counsel.

One final matter remains which is GDIT's request that the answer to the production of documents be certified by Mr. Robinson and the privilege log be verified by Mr. Robinson. Mr. Robinson is proceeding *pro se* and it is understandable that he is not aware of this requirement. In addition to producing the two emails discussed above Mr. Robinson should add the following

paragraph to the bottom of his privilege log, sign it, and forward the amended privilege log to counsel for GDIT:

> I hereby certify under the penalty of perjury that the information contained herein is accurate and correct to the best of my information and belief.
>
> _____
> Herbert L. Robinson

With reference to the documents produced in response to the subpoena, Mr. Robinsonn should, on a separate piece of paper, type the following, sign it, and forward it to counsel for GDIT:

> I certify under the penalty of perjury that the attached records are everything, with the exception of those documents listed on my privilege log, that I have in my possession that are responsive to the records subpoena served on me by GDIT to the best of my information and belief.
>
> _____
> Herbert L. Robinson

On September 29, 2011 the court held GDIT's Subpoena for the Production of Records in Abeyance (ECF No. 4). Provided Mr. Robinson complies with the instructions set forth in this memorandum opinion and order, the court holds that Mr. Robinson has complied with the subpoena. The order of September 29, 2011 holding the subpoena in abeyance is WITHDRAWN. Mr. Robinson's Motion to Quash the Subpoena (ECF No. 1) is DENIED.

October 20, 2011                             _____/s/_____
                                             WILLIAM CONNELLY
                                             UNITED STATES MAGISTRATE JUDGE